STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Ronald L. Miller,**
**Petitioner Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1533** (Hampshire County 10-C-19)

**Patrick Mirandy, Warden**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Ronald L. Miller, by counsel, Lawrence E. Sherman, Jr., appeals the circuit court's order entered July 26, 2011, denying his petition for writ of habeas corpus. Warden Mirandy[1] of Saint Marys Correctional Center, by counsel Laura Young, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the appendix record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered guilty pleas on April 17, 2008, in the Circuit Court of Hampshire County, for five counts of first degree sexual abuse. Petitioner was sentenced to five to twenty-five years of incarceration. On April 19, 2011, petitioner filed a petition for writ of habeas corpus on twelve different grounds. Petitioner now appeals only two issues: involuntary guilty plea and ineffective assistance of counsel. The circuit court issued a lengthy order entered on July 26, 2011, denying relief on all counts. Petitioner now appeals the denial of his habeas corpus petition below.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the respondent party's name with Warden Patrick Mirandy. The initial respondent on appeal, William M. Fox, is no longer the warden of Saint Marys Correctional Center.

1

On appeal, Petitioner first argues his guilty plea was involuntary and a violation of Rule 11 of the West Virginia Rules of Criminal Procedure. Petitioner argues that he was under duress because of statements made by counsel, as well as assurances and promises that caused him to plead guilty "out of fear and ignorance of the proceedings" and because the entire plea was not read into the record pursuant to the West Virginia Rule of Criminal Procedure 11(b)(2). The State responds that trial counsel properly advised petitioner as to his possible sentence and that petitioner's plea was voluntary.

Additionally, petitioner argues that the circuit court erred in finding no ineffective assistance of counsel, arguing that counsel was ineffective in: (1) failing to file for a change of venue, (2) failing to appeal, or inform the petitioner of his right to appeal, the original conviction, (3) failing to object to a taped and intercepted phone call, (4) failing to insist that the petitioner be permitted to undertake the 60-day diagnostic evaluation required by the plea agreement before commencing his sentence, (5) failing to obtain the Grand Jury minutes and challenge the Grand Jury's procedures, (6) failing to object to a witness whose testimony inferred improper communication between prosecution and the witness, and (7) failing to object to the proportionality of the sentence, as well as reiterating that counsel was ineffective for not pursuing the alleged Rule 11 violation for not reading the plea into the record.

The State argues that petitioner did not show an abuse of discretion by the court below. Specifically, the State argued that the decision to not appeal was a strategic one, and that petitioner identified no appealable issue. The State also argues that, while counsel did not object to the taped call, he addressed the issue with the circuit court. The State argues that petitioner gave insufficient support to explain how or why having a sixty-day diagnostic evaluation would have led to a lighter sentence and that the petitioner made no showing that there was a particularized need for the Grand Jury minutes. Finally, the State notes a lack of evidence of improper communication between prosecution and a witness, and argues that petitioner did not show that advice he allegedly received regarding the likely length of sentence is a basis for finding a sentence to be disproportionate.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. Finding no error in the denial of habeas corpus relief, the Court incorporates and adopts the circuit court's detailed and well-reasoned order dated July 26, 2011, insofar as it addresses the assignments of error appealed herein, and directs the Clerk to attach the same hereto.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: February 11, 2013


**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Filed
Date 7/26/11
SKE/CTD
Clerk

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA

RONALD L. MILLER,
      Plaintiff,

VS

WILLIAM M. FOX, WARDEN,
      Defendant.

Civil Action No. 10-C-19

RECEIVED

JUL 2 6 2011

SHERMAN LAW FIRM

**ORDER**

On this 20th day of July, 2011, this matter came on before the Court on a Petition for post-conviction habeas corpus relief filed by the Plaintiff. By Order of the Court entered on July 1, 2010, and after adhering to the procedures set forth in the Rules Governing Post-Conviction Habeas Corpus Proceedings, Rule 3(a), (hereinafter referred to as R. H. C.), this Court appointed attorney William C. Keaton to represent the Plaintiff in this matter. By Order dated July 19, 2010, the Court granted a Motion to Withdraw as Counsel, and Lawrence E. Sherman, Jr., an attorney at law licensed to practice in West Virginia, was then appointed to represent Plaintiff in this matter. The Court found that the initial Petition filed by the Plaintiff, *pro se,* was not sufficient, and accordingly, the Court examined the Plaintiff's motion for appointment of habeas corpus counsel and determined that Plaintiff was unable to pay the cost of the proceeding or employ counsel, and concluded, pursuant to the authority of R. H. C. 4(b) and (d), that counsel should be appointed and file an amended petition, and that the Defendant shall file an Answer to the Amended Petition.

By its Order entered on July 1, 2010, the Court directed Counsel to follow the procedures set forth in Losh vs McKenzie, 166 W. Va. 752, 277 S.E.2d 606 (1981), and to utilize the Lost List of potential grounds for post-conviction habeas corpus relief to

1

ensure the Plaintiff raises every ground for relief applicable to the Plaintiff's case and to ensure the Plaintiff understands that with only a few limited exceptions grounds for relief not raised in this proceeding will be waived. Said Lost List has been filed with the Circuit Clerk. After reviewing the Petition, and the record, the Court determined that an evidentiary hearing was required to fully and fairly adjudicate the Plaintiff's claims.

Because jurisdiction and venue are proper in this case, the Court conducted a hearing on July 20, 2011, for the purpose of complying with the requirements of R.H.C. 9 (c)(3) and Losh v. McKenzie, 166 W. Va. 762, 277 S.E.2d 606 (1981), and in accord with those requirements, the Court made findings of fact and conclusions of law which are set forth in the concluding section of the following Opinion. The Plaintiff appeared in person and by counsel, Lawrence E. Sherman, Jr. The Defendant appeared by counsel, Stephen Moreland, the Prosecuting Attorney of Hampshire County. During this hearing, the Court identified the grounds for relief that were expressly waived by the Plaintiff and ensured that the Plaintiff understands grounds not asserted in this proceeding, with narrow exceptions, will be waived.


## LOSH FINDINGS

During the July 20, 2011 hearing, and in accord with the requirements of R.H.C. 9 (c)(3) and Losh v. McKenzie, 166 W.Va. 762, 277 S.W.2d 606 (1981), this Court made inquiries of the Plaintiff and the Plaintiff's Counsel regarding all grounds raised and waived for the Plaintiff's post-conviction habeas corpus petition. Upon the foregoing inquiries and responses, the Court FINDS:

2

1.  The Plaintiff was advised by his Counsel of all potential grounds for post-conviction habeas corpus relief.

2.  The Plaintiff and his Counsel discussed every potential ground for relief conceivably applicable to Plaintiff's case.

3.  The Plaintiff was advised by his Counsel regarding the principle of waiver and the exceptions thereto, and the Plaintiff understands this Court's ruling in this proceeding will render a final decision that with only limited exceptions will bar all subsequent post-conviction habeas corpus claims by the Plaintiff.

4.  The Plaintiff has had a full and fair opportunity in this proceeding, with the advice of Counsel to raise every potential ground for post-conviction habeas corpus relief applicable to Plaintiff's case.

After all preliminary matters had been concluded, the Court proceeded to carefully consider the Petition, and the record of the proceedings relating to the Plaintiff's conviction and sentencing. After consulting pertinent legal authority and for the reasons explained in the following Opinion, the Court concludes that the Plaintiff has failed to establish a basis for the relief requested in his Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2007, the Plaintiff was indicted on ten (10) counts of Sexual Abuse by a Custodian, which carries with it a penalty of not less than ten (10), nor more than twenty (20) years in the penitentiary for each count, and he was also indicted on nine

3

(9) counts of Sexual Abuse in the First Degree, which carries with it a penalty of not less than one (1) year, nor more than five (5) years in the penitentiary for each count.

On May 8, 2007, Plaintiff was given a Notice of Criminal Trial Rights and Duties, and by Order dated May 8, 2007, an Arraignment and Trial Schedule Order was entered. A Motion for Grand Jury minutes was denied by the Court because the grand jury witness was not going to testify at the trial in this matter.

After counsel for the Plaintiff filed various motions on behalf of the Plaintiff, by Order of May 21, 2007, counsel for Plaintiff stated that "there were no issues that centered on either search and seizure and/or statements taken from the Plaintiff. Counsel conceded that a taped and intercepted phone call which originated in Maryland and placed to the Plaintiff's home in West Virginia complied both with West Virginia and the Federal wiretapping statutes."

By Order of June 28, 2007, Plaintiff by Counsel announced that there were no pre-trial issues, and the Court found that "consequently, any statements made by the [Plaintiff] that were surreptitiously recorded by a relative in Maryland under the aegis of law enforcement in Maryland are deemed admissible." The Plaintiff asserts that the evidence was inadmissible but Plaintiff has produced no viable statute or case law to support his position.

On February 28, 2008, counsel for the parties indicated that they had reached a plea agreement, and the Court ordered that a pre-plea presentence investigation report be completed prior to the acceptance of a plea.

The pre-plea presentence investigation report was filed on March 17, 2008, wherein on page four, the Plaintiff made an admission of guilt and the report further

4

reflects that a psychological evaluation, dated July 24, 2007, by Gregory Trainer, indicates "Mr. Miller does appear to be of relative low risk for reoffending if he was providing an honest account to the undersigned."

The report from the Probation Officer Robert L. Hott, Jr. does not make any recommendations, but on page 11, outlines various sentencing options for the Court, including a sixty (60) day pre-sentence diagnostic and classification study.

The statute [62-12-7a] is discretionary with the Court, which diagnosis and classifications consists of examination, diagnosis and classification.

On March 28, 2008, Plaintiff filed a Plea Agreement, and pled guilty to five (5) counts of sexual abuse in the first degree, consisting of count numbers two, seven, ten, sixteen, and nineteen, which could result in a maximum sentence of one (1) to five (5) years for each count. According to the Plea Agreement (which was signed by Plaintiff, Prosecuting Attorney, counsel for Plaintiff, the three victims: Tracy H., Wilson, Amy M. McConnell Rose, and Shannon J. McConnell), the parites reseved the right to make sentencing recommendations with sentencing being left to the sole discretion of the Court. The Plea Agreement also contained a provision that prior to sentencing the Plaintiff would undergo a sixty (60) day evaluation by the Division of Corrections. It was further understood that this plea agreement was not binding on the Court.

On April 17, 2008, Plaintiff filed a Petition to enter guilty plea, and a plea of guilty to five counts of Sexual Abuse in the First Degree. Fourteen counts as contained in the indictment were dismissed. Also, on April 17, 2008, the plea Order was filed, which stated that the Plaintiff had received the pre-plea investigation report. The Court accepted the written and oral plea of guilty of Plaintiff.

5

In accepting Plaintiff's written plea, the Court found that the Plaintiff was alert, intelligent, and understood the consequences of pleading guilty. Moreover, the Court was satisfied that the Plaintiff's guilty plea was knowingly, intelligently, and voluntarily made with the assistance of competent counsel, and that there was a factual basis to support the plea.

The State recommended Plaintiff be sentenced to five (5) consecutive 1-5 year sentences for each count, and Counsel for Plaintiff moved for home incarceration.

The Court Ordered Plaintiff to serve five (5) consecutive one (1) to five (5) year sentences. Said sentences were also consecutive to sentences in Maryland.

Pursuant to a Motion For Reconsideration filed under Rule 35 of the West Virginia Rules of Criminal Procedure, the Court, by Order dated September 17, 2009, after a lengthy hearing, reflected by ninety (90) pages of transcript, found:

-There is no compelling justification for the reconsideration or reduction of the sentence previously imposed upon the Plaintiff by this Court.

- The Court would further note that the Plaintiff's convictions in this matter are the result of a plea agreement entered into between the Plaintiff and the State wherein the State with the approval of the victim's in this matter moved to dismiss fourteen other felony counts of the Plaintiff based thereon, the Plaintiff's Motion is denied.

By letter dated September 21, 2010, Attorney Lawrence E. Sherman, Jr., requested the Grand Jury Minutes from Judge Moore. By letter dated September 23, 2010, Judge Moore requested case law from counsel which supported his request.

On April 27, 2011, Plaintiff, by counsel filed an Amended Petition for Writ of Habeas Corpus.

6

## PLAINTIFF'S GROUNDS FOR HABEAS CORPUS RELIEF

The Petition advances these grounds for relief:

1. Prejudicial pretrial publicity;

2. Involuntary guilty plea;

3. Failure of counsel to take appeal;

4. Coerced confessions;

5. Unfilled Plea Bargains;

6. Ineffective assistance of counsel;

7. Nondisclosure of Grand Jury Minutes and Challenges to the composition of Grand Jury or its procedures;

8. Constitutional errors in evidentiary rulings.

9. Improper communications between prosecutor or witnesses and jury;

10. Severer sentence than expected and/or Excessive Sentence;

11. Mistaken advice of counsel as to parole or probation eligibility.

12. Other grounds:

    -Violation of Rule 11 of the West Virginia Rules of Criminal Procedure, plea not read into the transcript or record by Judge.

    -Judge did not inform the [Plaintiff] that he could withdraw his plea of guilty after entered but before sentencing.

    -That the [Plaintiff] did not knowingly, intelligently and voluntarily enter into the plea agreement because of the Court erroneously explained to [Plaintiff] how [Plaintiff] would be sentenced by explaining consecutive

prison sentences wherein the [Plaintiff] sentenced to serve five (5) counts of first degree sexual abuse with indeterminate terms of not less than one (1) nor more than five (5) years and the Court informed [Plaintiff] that each one (1) to five (5) would have to be served and [Plaintiff] would be paroled whereas the Department of Corrections of West Virginia aggregates all of it's sentence that runs consecutive.

## STANDARD REVIEW

Both case law and statute set out the appropriate standard of review to be applied to writs of habeas corpus. "When considering whether such a petition requesting post-conviction habeas corpus relief has stated grounds warranting the issuance of the writ, courts typically are afforded broad discretion." Valentine v. Watkins, 208 W.Va. 26, 31, 537 S.E.2d 647, 652 (2000). Furthermore, the grounds for relief must state a violation of the Plaintiff's constitutional rights, show that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law. W. Va. Code, §53-4A-1(a). If a petition for habeas corpus does not meet these standards, it will be summarily dismissed as legally insufficient and without merit.

## FIRST ALLEGED GROUND: PREJUDICIAL PRETRIAL PUBLICITY

Pretrial publicity was not an issue in this case. Plaintiff did not have a jury trial; thus, it is impossible that any juror was improperly influenced. Moreover, the pre-trial

publicity was limited to one article in the local newspaper, and Plaintiff's chances of getting a change in venue were remote, at best.

## SECOND ALLEGED GROUND: INVOLUNTARY GUILTY AGREEMENT

Plaintiff was indicted on nineteen (19) felonies. If convicted on all counts, he faced a possible prison sentence of one hundred nine (109) to two hundred forty-five (245) years in the penitentiary. Plaintiff pled only to five (5) out of nineteen (19) counts. He only received five consecutive sentences of one (1) to five (5) years, for a five (5) to twenty-five (25) years sentence.

Plaintiff's guilty plea was not involuntary and uninformed. Plaintiff indicated in his *Petition to Enter Guilty Plea*, that he understood his rights, and the rights that he was giving up by entering a guilty plea. Also, Plaintiff testified on April 17, 2008, that he understood his Constitutional rights; that he understood the essential elements of the charged offenses; that he had adequate opportunity to discuss the charges with his counsel; that he was giving up certain rights by pleading guilty; and the possible sentence that he was facing.

Plaintiff's guilty plea was not made under duress. Plaintiff in his *Petition to Enter Guilty Plea* indicated that he was not under duress, and that no threats or force had been used to get him to plead, but that it was his desire to plead guilty. Also, on April 17, 2008, Plaintiff testified that Mr. James had not "pressured" him to plead guilty. He also testified that no person had used "threats, force, pressure or intimidation" to get him to plead guilty. (Apr. 17, 2008, Tr. 15-16.)

9

Plaintiff's assertions are meritless. The sentence that the Court imposed complied with the law, although the Plaintiff indicated that the sentence was greater than what he expected.

**THIRD ALLEGED GROUND: FAILURE OF COUNSEL TO TAKE APPEAL**

Although Plaintiff alleges that counsel did not review his post conviction rights with him, Plaintiff's appeal rights were reviewed with him, and he acknowledged understanding those rights by signing his Petition to Enter Guilty Plea, which states on page 3, numbered paragraph 10:

> I understand that if I enter a[] Guilty plea, I am waiving all of these right and also am giving up any right to appeal, except upon three (3) grounds: FIRST, as to sentence, which I may appeal if the sentence imposed by this Court upon my *Guilty* plea exceeds the lawful limits; SECOND, as to jurisdiction of this Court, which [I may] appeal if this Court did not have the right to try me or to accept my plea; and THIRD, as to my plea being made knowingly and voluntarily, I may appeal if I contend that my *Guilty* plea is not knowingly made or that it is not made voluntarily by me.

Plaintiff does not allege that his sentence exceeds "the lawful limits" or that jurisdiction is improper. This Court FINDS that Plaintiff's sentence is within "the lawful limits" of the West Virginia Code and the Constitution; that jurisdiction is proper; and that, based on Plaintiff's testimony at the April 17, 2008, hearing, that he knowingly and voluntarily pled guilty. Furthermore, counsel for the plaintiff had a conflict such that Counsel was not in a position to advise the Plaintiff as to his rights to a Habeas Corpus proceeding.

10

## FOURTH FIRST ALLEGED GROUND: COERCED CONFESSIONS

Similarly to the pretrial publicity allegation, this allegation is irrelevant because Plaintiff pled guilty and did not go to trial. During the hearing on Plaintiff's Rule 35(b) Motion, he stated that he "freely admitted" his egregious behavior; that he was embarrassed and ashamed; and that he tried to apologize. Thus, Plaintiff's heinous acts, which occurred over a period of several years (during the late 1980's through the early 1990's), were not a secret. (See Transcript of the September 17, 2009, hearing, pages 56 and 57).

## FIFTH ALLEGED GROUND: UNFILLED PLEA BARGAINS

Plaintiff understood the risk of entering into a plea agreement, and the sentence that the Court imposed was within the parameters of the plea agreement and the West Virginia Code. While Plaintiff contends that the plea agreement guarantees him a sixty day evaluation by the Division of Corrections, this is clearly erroneous as this evaluation is discretionary with the Court.

The Plaintiff had spent eleven days in the local regional jail, and counsel for the Plaintiff, Daniel R. James, testified that the Plaintiff did not want a sixty (60) day evaluation because it would require that the be incarcerated for two months. The Court also asked the Plaintiff if he wished "to proceed to sentencing today" and whether he wanted to waive further presentence investigation. Plaintiff responded affirmatively to both questions. (See, April 17, 2010 Tr., page 21). Plaintiff cannot now object to that which he consented to and affirmatively requested. The Court believes that the Plaintiff did not want to be incarcerated further to allow for completion of a sixty (60) day

11

evaluation, and that he desired to be sentenced on April 17, 2010. Plaintiff is merely upset because he received the maximum sentence allowed pursuant to the Plea Agreement; a fact which he apparently did not think was a likely result. Even assuming that both he and his counsel may have thought that Plaintiff receiving the maximum was unlikely, Plaintiff was still advised by his counsel and the Court that it was a possible result; the imposition of which does not provide Plaintiff with grounds for relief.

The pre-plea presentence investigation essentially served the same purpose, as a sixty day diagnostic evaluation, and counsel for the Plaintiff testified that the psychological evaluation performed by Gregory Trainer was "as good as we could get" as Mr. Trainer's reported that the Plaintiff would be a low risk as a repeat offender. Thus, any further evaluation may well have been counter productive and contrary to the best interest of the Plaintiff.

## SIXTH ALLEGED GROUND: INEFFECTIVE ASSISTANCE OF COUNSEL

Plaintiff alleges many grounds of ineffective assistance of counsel. The issue of prejudicial pretrial publicity, failure to file an appeal, failure to object to admissibility of taped conversations, and the alleged mistaken advise concerning parole, are addressed separately below.

Plaintiff has not shown how he was harmed by any of the errors alleged in this section, and fails to provide any case law to support his position.

Moreover, Plaintiff was indicted on ten (10) counts of sexual abuse by a custodian, and, with each count, he faced a possible sentence of ten (10) to twenty (20) years confinement in the penitentiary, or theoretically one hundred (100) to two

12

hundred (200) years. Likewise, he was also indicted for nine (9) counts of sexual abuse in the first degree, with each count having a possible sentence of one (1) to five (5) years confinement in the penitentiary, or a total exposure of nine (9) to forty-five (45) years in the penitentiary. Thus, Plaintiff was facing between one hundred nine (109) years and two hundred forty-five (245) years in the penitentiary. He acknowledged his culpability. He now complains of his five (5) consecutive one (1) to five (5) year sentences.

As discussed under the heading "Standard of Review" above, the Plaintiff must allege the denial of a constitutional right within a habeas corpus petition. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, State ex rel. McMannis v. Mohn, 163 W.Va. 129, 254 S.E.2d 805 (1979). The Petition in this case does allege a denial of the effective assistance of counsel right guaranteed by the Art. 3, §16 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution.

This Court considered the actual merits of Plaintiff's claim of ineffectiveness of counsel. To prevail in a post-conviction habeas corpus proceeding, the "Plaintiff has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." Syl. Pt. State ex rel. Scott v. Boles, 150 W.Va. 453, 147 S.E.2d 486 (1966).

The West Virginia test by which claims of ineffective assistance of counsel are evaluated is set forth in syllabus point 5 of State v Miller, 194 W.Va. 3, 459 S.E.2d 144 (1995). This test required a habeas petitioner claiming ineffective assistance to prove

13

that "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." In applying part one of the test, the "objective standard," "a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances as defense counsel acted in the case at issue." Id., Syl. Pt. 6, in part. In order to prove a claim of ineffective assistance of counsel, both parts of the test must be met. Because the first part of the test is not met in this case, it is therefore moot to continue to part two of the test.

This Court holds that Plaintiff's trial counsel acted as a reasonable attorney in this case because the advice he rendered to the Plaintiff was within the range of competence demanded of attorneys in criminal cases. Where a defendant enters a guilty plea upon counsel's advice, the validness of the plea depends on whether the advice was within the scope of competence demanded of attorneys in criminal cases. Therefore, the Plaintiff must prove his counsel's advise regarding the plea agreement was deficient under an objective standard of reasonableness. Potter v. Mohn, 163 W.Va. 474, 479, 256 S.E.2d 763, 766 (1979).

## SEVENTH ALLEGED GROUND: NONDISCLOSURE OF GRAND JURY MINUTES AND CHALLENGES TO THE COMPOSITON OF GRAND JURY OR ITS PROCEDURES.

By letter dated September 21, 2010, Plaintiff's counsel stated that Plaintiff "indicates that there is case law that states that he is entitled to the grand jury minutes ...". By letter dated September 23, 2010, the Court sent Plaintiff's counsel a letter stating that he could either submit an agreed order signed by Respondent's counsel, or

14

set the matter for a phone conference or a hearing and provide any case law that supports Plaintiff's position. To date, Plaintiff and his counsel have not provided any alleged case law supporting their position.

**EIGHTH ALLEGED GROUND: IMPROPER COMMUNICATIONS BETWEEN PROSECUTOR OR WITNESSES AND JURY.**

There is not any evidence in the file substantiating Plaintiff's allegations, and, even if true, the allegations had no impact on Plaintiff's desire to plead guilty. At most, Plaintiff's allegations constitute harmless error. In <u>State ex rel. Farmer v. Trent</u>, 209 W.Va. 789, 551 S.E.2d 711 (2001), Syl. Pt. 1 and 2, the Court stated:

> 1. "A habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." Syl. pt. 10, <u>State ex rel. Vernatter v. Warden</u>, 207 W.Va. 11, 528 S.E.2d 207 (1999).

> 2. Absent the special circumstance of a defendant claiming factual innocence while pleading guilty to a criminal charge, the requirement of W. Va. R. Crim. P. 11(f) that a trial court make an inquiry into the factual basis of the defendant's plea is not constitutionally mandated. It therefore follows under our reasoning in syllabus point 10 of <u>State ex rel. Vernatter v. Warden</u>, 207 W.Va. 11, 528 S.E.2d 207 (1999), that a simple violation of Rule 11(f), standing alone and without a showing of prejudice, may not serve as a predicate for collateral relief under the West Virginia Post–Conviction Habeas Corpus Act, <u>W. Va. Code</u> §§ 53–4A–1 to –11.

**NINTH ALLEGED GROUND: SEVERER SENTENCE THAN EXPECTED AND/OR EXCESSIVE SENTENCE.**

Although Plaintiff's sentence may have been more sever than he expected, it was not illegal; does not violate any Constitutional standard; and is within the parameters

15

and possible options of the plea agreement. His sentence does not "shock the conscious." (See, <u>State v. David D. W.</u>, 214 W.Va. 167, 588 S.E.2d 156, 2003).

## TENTH ALLEGED GROUND: MISTAKEN ADVICE OF COUNSEL AS TO PAROLE OR PROBATION ELIGIBILITY.

Even if accepted as true, Plaintiff has not shown how he was harmed by any alleged mistaken advice. Such advice would have been an incentive to not plead guilty to five (5) separate felony counts. Moreover, the record fails to contain evidence substantiating Plaintiff's allegation.

## ELEVENTH ALLEGED GROUND: OTHER GROUNDS.

Even if accepted as true, Plaintiff has not shown how he was harmed by any of the errors alleged in this section. Thus, the error is harmless.

This Court finds that the Plaintiff has not stated a constitutional claim or other basis for granting Plaintiff's petition.

**The Court hereby ORDERS the following:**

1. The Writ of Habeas Corpus sought by the Plaintiff is **REFUSED.**

2. If the Petitioner desires to appeal this dismissal to the Supreme Court of Appeals and seeks leave to prosecute that appeal *in forma pauperis* and/or seeks the appointment of counsel, the Plaintiff shall file with this Court a properly completed Notice of Intent to Appeal/Request for Appointment of Counsel form and a properly completed Application to Proceed *In Forma Pauperis* and Affidavit as set forth in Appendix B of the Rules Governing Post-

16

Conviction Habeas Corpus Proceedings. These materials shall be filed with this Court no later than four months from the entry date of this Order.

3. This is a Final Order. The Circuit Clerk shall remove this matter from the docket.

4. The Circuit Clerk shall provide attested copies of this Order to the Plaintiff; his attorney; the Prosecuting Attorney; Daniel R. James; and the Clerk of the Supreme Court of Appeals.

Entered this 26th day of July, 2011.

*Charles E. Parsons*
Charles E. Parsons, Judge

A TRUE COPY
ATTEST:

*Sonja K Embrey*
Clerk of the Circuit/Family Courts
of Hampshire County, West Virginia

17